# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CTIA - THE WIRELESS ASSOCIATION, TELTRITE CORPORATION, and I-WIRELESS LLC, | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:13-CV-399-RWS |
| v. | : : |
| TIM G. ECHOLS, in his official capacity as a commissioner of the Georgia Public Service Commission, *et al.*, | : : : : : |
| Defendants. | : |

## ORDER

This case comes before the Court on Plaintiff CTIA's Motion for Preliminary Injunction [14] and Plaintiff-Intervenors Teltrite Corporation and i-wireless LLC's Motion for Preliminary Injunction [35]. After conducting a hearing and considering the submissions of the parties, the Court enters the following Order.

## Background

This case arises out of the Georgia Public Service Commission's ("GPSC") adoption of an amendment to Utility Rule 515-12-1-.35(3)(f)

("Amended Rule") designed to discourage fraud in the Georgia Lifeline program.  Lifeline is a federal program that subsidizes Eligible Telecommunications Carriers ("ETCs") to provide low-income households with access to discounted or free telephone services.  (Am. Compl., Dkt. [13] ¶ 2.) Eligible consumers are limited to one line per household under the Lifeline program.  47 C.F.R. § 54.400(g).  The GPSC has concluded that some households, however, use multiple subsidized lines.  In 2012, the subsidies to Georgia ETCs "indicated that participation in the program substantially exceeded 100 percent of the total households that met the eligibility requirements."  (Defs.' Resp., Dkt. [22] at 3-4.)  To discourage such fraud, on October 18, 2013, the GPSC adopted the following Amended Rule:

> An Eligible Telecommunications Carrier shall either bill and collect from its Lifeline customers a minimum service rate of $5.00 per month after application of the Federal Lifeline discount or provide to its Lifeline customers a minimum of 500 minutes of use per month.

(Order Adopting Rule, Dkt. [13-2] at 4.)  According to the GPSC, "unlike with free service, a minimum charge means that there is a consequence to a consumer signing up for Lifeline service with multiple ETCs."  (Defs.' Resp., Dkt. [22] at 4-5.)

2

On February 5, 2013, Plaintiff CTIA – The Wireless Association filed this action and now seeks a preliminary injunction to prevent the Amended Rule from going into effect on January 31, 2014.  Plaintiff argues that the Amended Rule is a preempted rate regulation under the Federal Communications Act of 1934, but Defendants contend that neither of the Amended Rule's alternative requirements regulates rates.  On November 25, 2013, the Court permitted Teltrite Corporation and i-wireless LLC to intervene as Plaintiffs in this action. (Dkt. [33].)

## Discussion

To obtain a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest.  Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four

3

prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

The Court finds that Plaintiff has carried its burden on all four elements. First, Plaintiff has a substantial likelihood of success on the merits. Section 332(c)(3)(A) of the Communications Act expressly preempts state rate regulation:

> No state or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services.

47 U.S.C. § 332(c)(3)(A). Defendants argue that the Amended Rule falls in the "other terms and conditions" category because it is a measure intended to combat fraud. Nevertheless, the Court finds that the requirement to bill and collect a minimum service rate of $5.00 per month is clearly a rate regulation. The alternative minimum service requirement of 500 minutes per month also regulates rates because the GPSC chose a level of service at which it believed the ETCs would charge a rate high enough to deter households from signing up for multiple lines. Accordingly, Plaintiff has shown that there is a substantial

4

likelihood that it will succeed on the merits as to both of the Amended Rule's requirements.

Second, Plaintiff has shown that it faces a substantial threat of irreparable injury because it is likely to lose customers and goodwill if it has to raise rates to comply with the Amended Rule.  Third, the threat of harm both to Plaintiff's business and its members' ability to participate in the Lifeline program outweighs the harm to Defendants of maintaining the status quo.  Finally, while the status quo may permit some level of fraud to continue, the public interest tilts in favor of providing telephone services to low-income households that otherwise would be unable to afford mobile phones.  Moreover, the preliminary injunction would not harm the public interest in light of Congress's preemption of state regulation in this area.

Because Plaintiff has carried its burden on all four elements to obtain a preliminary injunction, Plaintiff's Motion for Preliminary Injunction [14] is due to be **GRANTED**.  For these same reasons, consistent with Plaintiff-Intervenors' Brief [35-1] adopting Plaintiff's arguments for the preliminary injunction, the Court also **GRANTS** Plaintiff-Intervenors' Motion for Preliminary Injunction [35].

5

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Preliminary Injunction [14] and Plaintiff-Intervenors' Motion for Preliminary Injunction [35] are **GRANTED**.  Defendants are **ENJOINED** from giving effect to or enforcing Amended Utility Rule 515-12-1-.35(3)(f) against commercial mobile service providers until further Order by the Court.

**SO ORDERED**, this  17th   day of December, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE